UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG PEDEN, <br><br> Plaintiff, <br><br> v. <br><br> CATHOLIC CHARITIES, <br><br> Defendant. | Case No. C17-1610RSM <br><br> ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR INJUNCTION |

THIS MATTER comes before the Court on Plaintiff's Emergency Motion for Injunction, which the Court construes as a Motion for Temporary Restraining Order ("TRO"). Dkt. #4. Although not entirely clear, Plaintiff Craig Peden appears to move the Court for a TRO against Defendant to restrain his eviction from a property located in Everett, WA.[1] Dkt. #3, *Attachment*. The entirety of Plaintiff's hand-written motion reads:

> Motion For Injunction
> Required Immediately
> Irreparable Harm
> Termination of Lease and eviction if Catholic Charities does not pay the rent
> Order Required
> [Illegible]/Written to Request
> The Injunction

Dkt. #4.

---

[1] The Court notes that Plaintiff uses a Seattle address in conjunction with his Complaint and motion. *See* Dkt. #3.

ORDER - 1

Plaintiff alleges in his Complaint that Catholic Charities agreed to pay his rent for October through the end of his lease in December 2017. Dkt. #3. He also appears to allege some type of retaliation and discrimination, although he has not alleged that he is a member of any protected class, nor has he provided the details of such allegations. *See id.* Plaintiff apparently received a Notice of Belief of Abandonment related to an apartment in Everett, which also notes that his lease will be terminated on October 31, 2017, unless he informs the manager of his intent not to abandon his property, an address at which he can be served with certified mail, and his current rent due. Dkt. #3, *Attachment*. The circumstances surrounding Plaintiff's allegations and request are not apparent from the Complaint or the motion itself.

In order to succeed on a motion for temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

The Court finds that Plaintiff has presented insufficient evidence to warrant granting a TRO in this case. First, it is not clear that Defendant has been served by Plaintiff with the instant Motion or even his lawsuit. *See* Local Rule 65(b)(1) ("Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted.").

ORDER - 2

Second, even if Defendant had received notice, the Court finds that Plaintiff has failed to meet his burden of demonstrating a likelihood of success on the merits in this case. Indeed, Plaintiff provides no legal argument in support of his position, and the Court cannot actually determine the basis of his claims.

Given these deficiencies, the Court hereby finds and ORDERS that Plaintiff's Motion for Temporary Restraining Order (Dkt. #4) is DENIED.

DATED this 30 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE