UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG PEDEN, | Case No. C17-1610RSM |
| Plaintiff, | |
| v. | ORDER FOR AMENDED COMPLAINT |
| CATHOLIC CHARITIES, | |
| Defendant. | |

*Pro Se* Plaintiff Craig Peden filed his Complaint on October 30, 2017. Dkt. #3. At the same time, Plaintiff filed an Emergency Motion for Injunction, which the Court construed as a Motion for Temporary Restraining Order ("TRO"), and ultimately denied. Dkts. #4 and #5. Summonses have not yet been issued.

Plaintiff alleges in his Complaint that Catholic Charities agreed to pay his rent for October through the end of his lease in December 2017. Dkt. #3. He also appears to allege some type of retaliation and discrimination, although he has not alleged that he is a member of any protected class, nor has he provided the details of such allegations. *See id.* Plaintiff apparently received a Notice of Belief of Abandonment related to an apartment in Everett, which also notes that his lease will be terminated on October 31, 2017, unless he informs the manager of his intent not to abandon his property, an address at which he can be served with certified mail, and his current

ORDER - 1

rent due. Dkt. #3, *Attachment*. The circumstances surrounding Plaintiff's allegations and request are not apparent from the Complaint or the motion itself.

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In this case, Mr. Peden fails to identify any basis for federal jurisdiction in his Complaint. He fails to explain how Defendant has violated any federal or other law. Indeed, it is not entirely clear what Plaintiff alleges in this Complaint, where he currently lives, and if he is actually being evicted. Accordingly, Plaintiffs' Complaint suffers from deficiencies that, if not corrected in an Amended Complaint, require dismissal.

Accordingly, the Court hereby ORDERS that Plaintiff shall file an Amended Complaint **no later than twenty-one (21) days from the date of this Order**. In the Amended Complaint, Plaintiff must include a short and plain statement demonstrating to the Court that there is a legal basis for his claims. Plaintiff shall identify what law or laws it believes Defendant has violated through its alleged conduct.

The Clerk shall send a copy of this Order to Mr. Peden at 1425 Broadway, #232, Seattle, WA 98122.

DATED this 31 day of October, 2017.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 3