UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRAIG PEDEN,<br><br>      Plaintiff,<br><br> v.<br><br>CATHOLIC COMMUNITY SERVICES OF WESTERN WASHINGTON, *et al.*,<br><br>      Defendants. | Case No. C17-1610RSM<br><br>ORDER FOR SECOND AMENDED COMPLAINT |

  *Pro Se* Plaintiff Craig Peden filed his initial Complaint on October 30, 2017. Dkt. #3. At the same time, Plaintiff filed an Emergency Motion for Injunction, which the Court construed as a Motion for Temporary Restraining Order ("TRO"), and ultimately denied. Dkts. #4 and #5. Summonses have not yet been issued.

  Plaintiff alleged in his initial Complaint that Catholic Charities agreed to pay his rent for October through the end of his lease in December 2017. Dkt. #3. He also appeared to allege some type of retaliation and discrimination, although he did not allege that he is a member of any protected class, nor did he provide the details of such allegations. *See id.* Plaintiff apparently received a Notice of Belief of Abandonment related to an apartment in Everett, which also noted that his lease would be terminated on October 31, 2017, unless he informed the manager of his intent not to abandon his property, an address at which he could be served with certified mail,

ORDER - 1

and his current rent due. Dkt. #3, *Attachment*. The circumstances surrounding Plaintiff's allegations and request were not apparent from the initial Complaint or the motion itself.

On October 31, 2017, the Court directed Plaintiff to file an Amended Complaint to cure certain deficiencies. Dkt. #6. Plaintiff filed his Amended Complaint on November 21, 2017. Dkt. #7. That Amended Complaint wholly supersedes the initial Complaint. Plaintiff now names five new Defendants in this Amended Complaint, and appears to abandon his prior legal claims. *See* Dkt. #7 at 2-4. He now raises allegations of federal Due Process and Civil Rights violations. Dkt. #7 at 3. He also appears to raise allegations of federal housing violations. *Id.* Plaintiff makes general averments of harassment, defamation, stigmatization, and discrimination on the basis that he is a divorced, single, bisexual male with AIDS, but no specifics are provided. *Id.* at 6. His allegations appear to cover a time period between 2013 and 2017. *Id.*

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly filed in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the federal court to assert subject matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785, 80 L. Ed. 1135 (1936). Further, the Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

In this case, Mr. Peden fails to explain how each of the Defendants has violated any federal law. Indeed, he provides only general averments, but does not specify what actions, if

any, each Defendant took that would have violated his federal rights. In addition, Plaintiff fails to explain why some of his actions are not barred by the applicable statutes of limitations. Accordingly, Plaintiffs' Complaint suffers from deficiencies that, if not corrected in an Amended Complaint, require dismissal.

Accordingly, the Court hereby ORDERS that Plaintiff shall file a Second Amended Complaint **no later than twenty-one (21) days from the date of this Order**. In the Second Amended Complaint, Plaintiff must include a short and plain statement demonstrating to the Court that there is a legal basis for his claims. Plaintiff shall identify what law or laws he believes each of the Defendants has violated through their alleged conduct, and why such actions are not barred by the applicable statutes of limitations.

The Clerk shall send a copy of this Order to Mr. Peden at 1425 Broadway, #232, Seattle, WA 98122.

DATED this 27 day of November, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 3