UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRAIG PEDEN,

                Plaintiff,

v.

CATHOLIC COMMUNITY SERVICES OF
WESTERN WASHINGTON, *et al.*,

                Defendants.

Case No. C17-1610RSM

ORDER DENYING TRO AND
DISMISSING PLAINTIFF'S CLAIMS

    *Pro Se* Plaintiff Craig Peden filed his initial Complaint on October 30, 2017. Dkt. #3. At the same time, Plaintiff filed an Emergency Motion for Injunction, which the Court construed as a Motion for Temporary Restraining Order ("TRO"), and ultimately denied. Dkts. #4 and #5. Summonses have not yet been issued.

    Plaintiff alleged in his initial Complaint that Catholic Charities agreed to pay his rent for October through the end of his lease in December 2017. Dkt. #3. He also appeared to allege some type of retaliation and discrimination, although he did not allege that he is a member of any protected class, nor did he provide the details of such allegations. *See id.* Plaintiff apparently received a Notice of Belief of Abandonment related to an apartment in Everett, which also noted that his lease would be terminated on October 31, 2017, unless he informed the manager of his intent not to abandon his property, an address at which he could be served with certified mail,

ORDER - 1

and his current rent due. Dkt. #3, *Attachment*. The circumstances surrounding Plaintiff's allegations and request were not apparent from the initial Complaint or the motion itself.

On October 31, 2017, the Court directed Plaintiff to file an Amended Complaint to cure certain deficiencies. Dkt. #6. Plaintiff filed his Amended Complaint on November 21, 2017. Dkt. #7. Plaintiff named five new Defendants in the Amended Complaint, and appeared to abandon his prior legal claims. *See* Dkt. #7 at 2-4. Instead, he raises allegations of federal Due Process and Civil Rights violations. Dkt. #7 at 3. He also appeared to raise allegations of federal housing violations. *Id.* Plaintiff made general averments of harassment, defamation, stigmatization, and discrimination on the basis that he is a divorced, single, bisexual male with AIDS, but no specifics were provided. *Id.* at 6. His allegations appeared to cover a time period between 2013 and 2017. *Id.* Because Mr. Peden failed to explain how each of the Defendants had violated any federal law, and failed to explain why some of his actions were not barred by the applicable statutes of limitations, the Court directed Mr. Peden to file a Second Amended Complaint. Dkt. #8. Mr. Peden did not comply with that Order. Instead, on February 2, 2018, Mr. Peden filed a second Motion for Temporary Restraining Order and Injunction and a Motion to Appoint Counsel. Dkts. #9 and #10.

As with Mr. Peden's previous filings, the instant motion suffers from numerous deficiencies. Indeed, it is not clear what relief Mr. Peden seeks through the instant motion, although it appears he may be seeking relief from an eviction in Everett, WA, and relief from a lien sale of personal property held in a storage unit in California. *See* Dkt. #9. In order to succeed on a motion for temporary restraining order ("TRO"), the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving

ORDER - 2

party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

The Court finds that Plaintiff has presented insufficient evidence to warrant granting a TRO in this case. First, it is not clear that Defendant has been served by Plaintiff with the instant Motion or even his lawsuit. *See* Local Rule 65(b)(1) ("Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted."). In fact, the Defendant named on the motion is not one that was ever named in Mr. Peden's Complaint. *Compare* Dkts. #9 (naming Portsmith Apartments, LLC, as Defendant) *with* #7 (naming Catholic Community Services of Western Washington, Lifelong, Everett Housing Authority, Madison Clinic, Harborview Medical Center, Senior Terrace Apartments as Defendants).

Second, even if Defendant had received notice, the Court finds that Plaintiff has failed to meet his burden of demonstrating a likelihood of success on the merits in this case. Indeed, Plaintiff provides no legal argument in support of his position, and the Court cannot adequately determine the basis of his claims. Further, Mr. Peden fails to explain how the Defendant has violated any federal law, and fails to explain why some of the alleged actions are not barred by the applicable statutes of limitations.

Accordingly, the Court hereby finds and ORDERS:

1. Plaintiff's Motion for Temporary Restraining Order and Injunction (Dkt. #9) is DENIED.

ORDER - 3

2. Plaintiff's Motion for Appointment of Counsel (Dkt. #10) is DENIED. In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). At this stage of the litigation, the Court cannot find that Plaintiff is entitled to appointment of counsel. It does not yet appear that any exceptional circumstances exist, and there is no record before the Court that would allow the Court to examine whether Plaintiff's claims appear to have merit.

3. On November 27, 2017, Plaintiff was directed to file a Second Amended Complaint within 21 days of the Court's Order to remedy certain jurisdictional deficiencies. Plaintiff failed to file such a complaint. Nothing in the current record demonstrates proper jurisdiction in this Court. Accordingly, the Court DISMISSES Plaintiff's claims without prejudice, and this case is now CLOSED.

4. The Clerk shall send a copy of this Order to Mr. Peden at 1425 Broadway, #232, Seattle, WA 98122.

DATED this 5 day of February, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 4